IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
EASTERN DIVISION


PERREN O. AVERY                                                      PETITIONER
REG. #05310-088


VS.                         CASE NO. 2:05CV00240 GH/HDY


LINDA SANDERS, WARDEN,
FCI FORREST CITY, ARKANSAS                                           RESPONDENT


PROPOSED FINDINGS AND RECOMMENDATIONS


INSTRUCTIONS

The following recommended disposition has been sent to United States District Court Judge George Howard, Jr. Any party may serve and file written objections to this recommendation. Objections should be specific and should include the factual or legal basis for the objection. If the objection is to a factual finding, specifically identify that finding and the evidence that supports your objection. An original and one copy of your objections must be received in the office of the United States District Court Clerk no later than eleven (11) days from the date of the findings and recommendations. The copy will be furnished to the opposing party. Failure to file timely objections may result in waiver of the right to appeal questions of fact.

If you are objecting to the recommendation and also desire to submit new, different, or additional evidence, and to have a hearing for this purpose before the District Judge, you must, at the same time that you file your written objections, include the following:

      1.      Why the record made before the Magistrate Judge is inadequate.

      2.      Why the evidence proffered at the hearing before the District Judge (if such a hearing is granted) was not offered at the hearing before the Magistrate Judge.

      3.      The detail of any testimony desired to be introduced at the hearing before the District Judge in the form of an offer of proof, and a copy, or the original, of any documentary or other non-testimonial evidence desired to be introduced at the hearing before the District Judge.

From this submission, the District Judge will determine the necessity for an additional evidentiary hearing, either before the Magistrate Judge or before the District Judge.

Mail your objections and "Statement of Necessity" to:

> Clerk, United States District Court
> Eastern District of Arkansas
> 600 West Capitol Avenue, Suite 402
> Little Rock, AR 72201-3325

## DISPOSITION

On April 14, 1997, Perren O. Avery entered a guilty plea to distribution of cocaine base, in violation of 21 U.S.C. §841(a)(1). The guilty plea was entered in the United States District Court, Southern District of West Virginia. On July 2, 1997, he was sentenced to 151 months of imprisonment. Though the guilty plea was entered in federal court in West Virginia, Mr. Avery is now in custody at Forrest City, Arkansas. He petitions for relief pursuant to 28 U.S.C. § 2241. The petitioner previously sought relief on more than one occasion with the sentencing court pursuant to 28 U.S.C. § 2255. These motions were denied by the sentencing court, most recently on February 26, 2003. Mr. Avery also requested permission from the Fourth Circuit Court of Appeals to file a successive application for post-conviction relief. This motion was denied on

May 19, 2003.

The petitioner now advances the following claim for relief:

1.   He has been imprisoned for having committed a nonexistent crime, the mere possession and distribution of a controlled substance.

A threshold issue must be addressed before proceeding to the merits of the petitioner's claims: is a section 2241 petition the proper method for raising the arguments?  Typically, section 2241 petitions address either the execution of a sentence or the conditions of confinement, not the imposition of a sentence, which is properly challenged via a section 2255 petition.  *Cain v. Petrovsky*, 798 F.2d 1194, 1198 n. 3 (8th Cir. 1986).  An exception to the general rule exists, in that section 2241 relief is available if it "appears that the remedy by motion is inadequate or ineffective to test the legality of his detention."  28 U.S.C. § 2255.  Thus, the issue is whether section 2255 is inadequate or ineffective to test the legality of the petitioner's conviction.

We are guided by the Eighth Circuit Court of Appeals decision in *United States v. Lurie*, 207 F.3d 1075 (8th Cir. 2000).  The Court considered whether section 2255 relief was inadequate or ineffective:

> While courts have not thoroughly defined what is meant by "inadequate or ineffective," recent cases from our sister circuits make clear that more is required than demonstrating that there is a procedural barrier to bringing a § 2255 motion. . . (citation omitted).  Specifically, the § 2255 motion is not inadequate or ineffective merely because § 2255 relief has already been denied . . . (citations omitted), or because petitioner has been denied permission to file a second or successive § 2255 motion , . . . (citations omitted), or because a second or successive § 2255 has been dismissed, . . . (citation omitted), or because petitioner has allowed the one year statute of limitations and/or grace period to expire.

207 F.3d at 1077.  The Court further noted that the petitioner's claims, including actual

innocence, could have been advanced in a timely § 2255 petition, and that the petitioner bears the burden of showing § 2255 relief inadequate or ineffective. *See, also, Charles v. Chandler*, 180 F.3d 753 (6th Cir. 1999), and *DeSimone v. Lacy*, 805 F.2d 321 (8th Cir. 1986).

*United States v. Lurie* directly addresses the facts at hand in finding that "the § 2255 motion is not inadequate or ineffective merely because § 2255 relief has already been denied." 207 F.3d at 1077. As a result, section 2241 is not available to the petitioner. The statute itself directs petitioners such as Mr. Avery on the proper way to proceed. Section 2255 provides that a second or successive petition must be certified by the appropriate court of appeals.

Based upon the foregoing, we recommend that the petition for section 2241 relief be dismissed and the relief requested be denied. Our ruling is without prejudice to the petitioner's ability to advance his claims in the Fourth Circuit Court of Appeals.

IT IS SO ORDERED this  1   day of November, 2005.

_____
UNITED STATES MAGISTRATE JUDGE